Case 2:15-cv-00494   Document 37   Filed in TXSD on 02/08/16   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
February 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| POST ACUTE SPECIALTY HOSPITAL OF CORPUS CHRISTI; dba POST ACUTE MEDICAL SPECIALTY HOSPITAL OF CORPUS CHRISTI, *et al*, <br><br> Plaintiffs, <br> VS. <br><br> BAKER BENEFITS ADMINISTRATORS, INC., *et al*, <br><br> Defendants. | CIVIL ACTION NO. 2:15-CV-494 |

## ORDER GRANTING MOTION TO REMAND

Before the Court is Plaintiffs' Motion to Remand (D.E. 19), disputing Defendants' claim of removal jurisdiction based on a federal question posed by the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1001, et seq. (ERISA). Instead, Plaintiffs argue that only state law claims that do not fall within ERISA preemption are at issue. Defendants contend that ERISA applies because Plaintiffs cannot prevail—even on their state claims—without consideration of the terms of the ERISA Plan. For the reasons set out below, the Court disagrees with Defendants and GRANTS Plaintiffs' motion.

### A. The Parties' Claims

The Plaintiff Hospital[1] filed this lawsuit in state court against Defendant payment negotiators and administrators[2] for charges incurred over several months in the treatment

---

[1] Post Acute Specialty Hospital of Corpus Christi, LLC and PAM Squared at Corpus Christi, LLC (jointly Hospital).

of a patient who had been injured in a motor vehicle accident. D.E. 4. The Hospital alleges that Defendants affirmatively represented that the charges would be paid and even entered into a contract for prompt payment in exchange for a reduction in the amount of the bill. But after initially promising payment for the patient's treatment, Defendants issued Explanations of Benefits (EOBs) denying coverage under the patient's ERISA Plan and subsequently refusing to pay. Some of the EOBs specifically stated that coverage was denied because the injuries were related to substance abuse and were therefore excluded from insurance coverage. Defendants also rely on a felony exclusion.

More specifically, Defendants represent that the patient was a participant in the Coastal Bend Wellhead, Inc. Employee Health Benefit Plan (Plan), which is an ERISA-qualified plan. They argue that every communication between the parties was in reference to an assignment of the patient's claim for Plan benefits, a pre-certification process required by the Plan, and preliminary representations of coverage—without guarantee—subject to the terms and conditions of the Plan. Accordingly, Baker and Providence, with the consent of SRS, PHX, MultiPlan, and PHS, removed the case to this Court solely on the basis of federal question jurisdiction, arising out of ERISA preemption.

As the parties have described their respective positions on the merits, it is clear that the Hospital considers the terms and conditions of the Plan to be irrelevant, as supplanted by Defendants' representations and actions. In contrast, Defendants expect to

---

[2] Baker Benefits Administrators, Inc. (Baker), Providence Administrative Services (Providence), Spectrum Review Services, Inc. (SRS), Premier Healthcare Exchange, Inc. (PHX), MultiPlan, Inc. (MultiPlan), and Private Healthcare Systems, Inc. (PHS) (jointly Defendants).

be absolved from any liability by virtue of associated disclaimers making their representations and actions subject to Plan terms and conditions, which exclude coverage. Because Defendants will inevitably raise limiting terms of the Plan, the question for the Court is whether the Hospital's lawsuit is removable through ERISA preemption.

### B. Preemption

There are two types of ERISA preemption: complete preemption and conflict preemption. 29 U.S.C. §§ 1132, 1144 (sections 502(a) and 514, respectively, of the Public Law as enacted). As set out more fully below, complete preemption makes any claim falling within the zone of ERISA's civil enforcement provisions a federal question, triggering removal jurisdiction. In contrast, conflict preemption applies where the state law claim is not completely preempted, but still implicates contrary provisions in ERISA. Where conflict preemption raises only a defensive matter, it does not trigger removal jurisdiction.

**The Pleading and Removability**. The time-honored test, the "well-pleaded complaint" rule, asks whether the plaintiff's pleading affirmatively reveals the basis for federal jurisdiction. Where federal question jurisdiction under 28 U.S.C. § 1331 is at issue, the Fifth Circuit has synthesized the authorities, explaining:

> A federal court only has original or removal jurisdiction if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action. *A case may "arise under" federal law where the vindication of a right under state law necessarily turn[s] on some construction of federal law.* But this statement must be read with caution. *A defense that raises a federal question is insufficient. Even if a plaintiff has a federal cause of action, he may avoid federal jurisdiction by*

> *exclusive reliance on state law.* The "artful pleading" doctrine is an "independent corollary" to the well-pleaded complaint rule. Under this principle, removal is not defeated by a plaintiff's omission to plead necessary federal questions. ***The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim.***

*MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (internal quotation marks and citations omitted; emphasis added). Under this analysis, complete ERISA preemption will make the lawsuit removable. Conflict preemption, however, allows removal only where the plaintiff's recovery under the state law claims—regardless of federal defenses—requires the application of federal law.

The Hospital's state court petition specifically states:

> The claims made hereafter are not for payment of policy benefits either as a beneficiary of the employee benefit plan or based upon any assignment of benefits by [the patient] to Plaintiffs. Rather, Plaintiffs seek payment based on independent misrepresentation, breach of contract and promissory estoppel causes of action which run from the Plaintiff hospitals directly against Defendants related to Plaintiff's reliance on Defendant's actions, agreements and representations that the Plaintiffs would in fact be paid for their services, supplies and items provided to [the patient].

D.E. 4, p. 15, ¶ 24. The Hospital thus sues, solely for its own benefit, alleging only state law theories of negligent misrepresentation, breach of contract, and promissory estoppel.

**Complete Preemption.** "Put simply, there is complete preemption jurisdiction over a claim that seeks relief 'within the scope of the civil enforcement provisions of § 502(a).'" *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). Section 502(a) addresses remedies between the Plan, Plan Participants, Plan Sponsors, and/or Plan Fiduciaries. 29

U.S.C. § 1132. For instance, a suit by a beneficiary to recover benefits from a covered plan, "falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes." *Metro. Life*, 481 U.S. at 62-63. A state law claim falling within ERISA § 502(a) remedies is converted into a federal claim under the well-pleaded complaint rule. *Lone Star OB/GYN Assoc. v. Aetna Health Inc.*, 579 F.3d 525, 529 (5th Cir. 2009).

A provider suing for plan benefits as an assignee of the patient's rights against the plan states a claim covered by § 502(a)'s complete preemption. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 213-14 (2004). On the face of the complaint before the Court, however, the Hospital is not suing a Plan Administrator[3] under the patient's assignment of benefits for Plan benefits. The Hospital sues as an independent victim of Defendants' alleged commercial misrepresentations, without reliance on any status as assignee of the patient's rights. And the Hospital does not seek Plan benefits but only seeks to recover against an entity other than the Plan for misrepresenting a payable amount that may or may not be measured by available Plan benefits.

This is a non-derivative action stating state law claims independent of actual Plan coverage. ERISA does not govern this relationship between healthcare providers and the insurance companies that supply ERISA plan benefits. Relying on Supreme Court precedent circumscribing the scope of ERISA, the Fifth Circuit has held, "The Act imposes no fiduciary responsibilities in favor of third-party health care providers

---

[3] Defendants are not plan administrators being sued by a Plan beneficiary or participant, nor do they argue that they are. ERISA is not implicated simply because a party is an ERISA entity. Instead, the claim must affect an aspect of a relationship that is comprehensively regulated by ERISA. *Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 243 (5th Cir. 2006).

regarding the accurate disclosure of information, or, indeed regarding any other matter." *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 247 (5th Cir. 1990) (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985)).

The Hospital's theories of recovery do not turn on any federal question presented by ERISA and it has requested no ERISA remedies—but rather has disclaimed them. Therefore, complete preemption does not create a federal question on the face of the Hospital's complaint. Complete preemption does not support removal.

**Conflict Preemption.** ERISA § 514 is a conflict preemption provision, stating that ERISA "supersede[s] any and all State laws *insofar as they may now or hereafter relate to* any employee benefit plan described in [§ 4(a) of ERISA] and not exempt under [§ 4(b) of ERISA]." 29 U.S.C. § 1144 (emphasis added). So the question is whether the Hospital's vindication of its rights under state law "relates to" the Plan.

Courts have observed that, as a semantic exercise, the legal scenarios that "relate to" an ERISA plan—taken to logical extreme—occupy a vast field. *E.g.*, *Mem'l Hosp.*, 904 F.2d at 244. The Fifth Circuit thus applies a test to limit conflict preemption to actions in which the effect on the ERISA plan is not "too tenuous, remote, or peripheral." *Id.* at 244-45. Preemption applies where there are at least two unifying characteristics:

> (1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Id.* at 245. Defendants, bearing the burden to establish federal jurisdiction,[4] have not shown that the Hospital must call upon the provisions of ERISA (or any other federal law) to recover for negligent misrepresentation, breach of contract, or promissory estoppel as alleged in the state court petition.

This Court does not write on a clean slate because the dilemma posed by this case is a common one facing healthcare providers and insurance administrators. Several representative Fifth Circuit cases illustrate the preemption consequences of competing claims based upon misrepresentations about how much the provider will be paid:

- The court in *Memorial Hospital,* 904 F.2d at 236, held that a provider who premised its claim on its own status (not as an assignee of the patient) for misrepresentations of coverage from the insurance company, when there was no coverage at all[5] for the patient at the time, stated a claim that was not preempted.

- The court in *Hermann Hospital v. MEBA Medical & Benefits Plan,* 959 F.2d 569 (5th Cir. 1992) (*Hermann II*), mindful of the decision in *Memorial,* held that where a provider premised its claim on the patient's assignment of benefits and sought recovery from the plan, the state law claims were preempted.

---

[4] On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

[5] The policy did not cover new employees during the first thirty days of continuous employment. *Memorial Hospital,* at 238.

- And in *Transitional Hospitals Corp. v. Blue Cross & Blue Shield of Texas, Inc.*, 164 F.3d 952, 955 (5th Cir. 1999), both types of claims were made after the provider was paid a drastically reduced amount from what had been represented because it was an out-of-network provider. The claim to recover benefits from the plan was held preempted, while the state law claims for misrepresentation were not.

Despite the rather clear pattern illustrated by these cases, the Hospital briefed, and Defendants argue in favor of, a right-of-payment versus a rate-of-payment rubric for deciding these cases. The Fifth Circuit rejected this approach in *Access Mediquip L.L.C. v. UnitedHealthcare Insurance Co.*, 662 F.3d 376, 384 (5th Cir. 2011) *opinion vacated and then reinstated on reh'g en banc*, 698 F.3d 229 (5th Cir. 2012) (per curiam), *cert. denied*, 133 S.Ct. 1467 (2013).

> The "existence-of-coverage" versus "extent-of-coverage" distinction applied by the district court is thus at odds with both the reasoning and the result of *Transitional*. Other circuits that have adopted the approach we set forth in *Memorial* and *Transitional* have also rejected an existence-versus-extent approach.

*Access*, 662 F.3d at 384.

In *Access*, the insurance company pre-certified payment for a medical device to be used in surgeries performed on three patients. When the claims were presented for payment after the surgeries, they were denied in whole or in part as contrary to an internal policy that such claims would be paid only if made by the surgical facilities, not if made by an independent seller of the devices. The essence of the claim that the provider would have to prove, regardless of the existence or extent of coverage, was "that

it was reasonable to rely on [the insurance company's] statements as representations of how much and under what terms [the provider] could expect to be paid." *Id.* at 385. The court reasoned that such misrepresentation claims do not purport to regulate what benefits must be provided by the ERISA plan but what representations may permissibly be made about a plan or its benefits. *Id.*

The court indicated that even accurate statements could be misleading if the representations failed to mention a reason that the claims might not be paid—either because of coverage issues or, as in *Access*, because of an internal policy regarding proper claimants. *Id.* Defendants seize upon this portion of the opinion to argue that the Hospital has no claim for misrepresentation because every representation they made about the Plan benefits included a disclaimer. This Court is not concerned with whether or not the Hospital will prevail on its claim—only whether this Court has removal jurisdiction to hear it. Inclusion of a disclaimer that refers back to Plan benefits does not require ERISA preemption because consultation of the Plan's terms does not trigger preemption. *Id.* at 386. As long as no claim is made against the Plan or that will affect the relationship of the ERISA entities, the claim is not governed by ERISA.

The Supreme Court has observed that "even an 'obvious' pre-emption defense does not, in most cases, create removal jurisdiction." *Metro. Life*, 481 U.S. at 66. Because the Hospital has disclaimed any interest in collecting Plan benefits, it is difficult to conceive how its state law actions are governed by the regulatory scheme of ERISA. As described above, removal law allows a plaintiff to rely exclusively on state law even when it has a federal claim. Conflict preemption does not support removal jurisdiction.

9 / 10

### C. Additional Responses

PHX filed its own response (D.E. 28) controverting the Hospital's claims on their merits. The remand matter before the Court presents a jurisdictional question and the Court does not evaluate the parties' respective claims on their merits. Having determined that this Court does not have removal jurisdiction and because PHX's defense to the merits is not properly before the Court, the Court disregards the response as moot.

### CONCLUSION

For the reasons set out above, the Court GRANTS the Hospital's motion to remand (D.E. 19) and REMANDS this action to the 214th Judicial District Court, Nueces County, Texas, the court from which it was removed.

ORDERED this 8th day of February, 2016.

                                              NELVA GONZALES RAMOS
                                              UNITED STATES DISTRICT JUDGE